UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTORIA ANN BURGESS, ELIZABETH F. JOHNSON, CLARK WALKER JOHNSON, and MAYNARD GARDNER MOODY, as personal representative of Patricia Johnson Perry, deceased,<br><br>        Plaintiffs,<br><br>and<br><br>MARK EVERETT BRADFORD JOHNSON, CONSTANCE RAY JOHNSON, and JUNKO ADAMO,<br><br>        Involuntary Plaintiffs,<br><br>v.<br><br>HOWARD MITCHELL JOHNSON, HMJOMOJ L.L.C., MOJ/HMJ LLC, THE HOWARD MITCHELL JOHNSON REVOCABLE TRUST, and THE MACHIKO O. JOHNSON REVOCABLE TRUST,<br><br>        Defendants. | Case No. 22-CV-0120-CVE-JFJ |

**OPINION AND ORDER**

Before the Court are defendants' motion to partially dismiss (Dkt. # 17), plaintiffs' response (Dkt. # 49), and defendants' reply (Dkt. # 50).

On March 9, 2022, plaintiffs filed a petition commencing the current action, concerning the administration of an irrevocable trust, in the District Court of Creek County, State of Oklahoma.

Dkt. # 1-1. Plaintiffs' petition alleges fifteen causes of action: 1) statutory breach of fiduciary duties under OKLA. STAT. tit. 60, § 175.57; 2) breach of common law fiduciary duties; 3) common law embezzlement; 4) unjust enrichment, restitution, and disgorgement; 5) deceit under OKLA. STAT. tit. 76, § 2; 6) common law conversion; 7) declaratory judgment for constructive trusts against defendants under OKLA. STAT. tit. 12, §§ 1652, 1655; 8) violation of Oklahoma Fraudulent Transfer Statute, OKLA. STAT. tit. 24, § 116; 9) violation of Colorado Fraudulent Transfer Statute, COLO. REV. STAT. § 38-8-101 et seq.; 10-13) violations of Racketeer-Influenced and Corrupt Organization (RICO) Act under 10 U.S.C. §§ 1964(a), 1964(b), 1964(c), 1964(d); 14) accounting under OKLA. STAT. tit. 60, § 175.57; and 15) other breach of trust remedies under OKLA. STAT. tit. 60, § 175.57. Dkt. # 1-1, at 18-25. On March 15, 2022, defendants timely removed the case to federal court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the basis of federal question jurisdiction under 28 U.S.C. § 1331 based on the RICO claims. Dkt. # 1.

On September 23, 2022, plaintiffs dismissed all four RICO claims. Dkt. # 48. Therefore, the federal claims that provided the basis for removal are dismissed and only the state law claims remain. Before proceeding, the Court must determine whether it has subject matter jurisdiction over this action following the dismissal of the RICO claims. For the reasons stated below the Court finds it no longer has subject matter jurisdiction over this matter, and the case is remanded to Creek County District Court.

I.

The following allegations are taken from plaintiffs' state court petition: in 1974, E. Ossip Johnson (E.O. Johnson) created the E. Ossip Johnson, M.D. Trust (Dkt. # 1-1, at 6), which was subsequently amended, with its final iteration in 1990 (Trust.) Dkt. # 1-1, at 6, 7. E.O. and his wife,

Machiko O. Johnson (M.O. Johnson) were the initial trustees of the Trust and defendant Howard Mitchell Johnson (H.M. Johnson) was appointed as successor trustee to E.O. Johnson. Id. at 7. When E.O. Johnson died in 1996, the Trust was divided into two trusts, Trust A and Trust B, and H.M. Johnson succeeded E.O. Johnson as co-trustee of each trust along with his mother, M.O. Johnson. Id. M.O. Johnson resigned as trustee in 2016, and died in 2018. Id. H.M. Johnson has been and remains sole trustee of Trust, Trust A, and Trust B since 2016. Id.

M.O. Johnson was the principal beneficiary of Trust A and Trust B. Id. at 8, 10. Trust B was a contingent beneficiary of Trust A and had ten (10) beneficiaries: the four (4) plaintiffs, three (3) involuntary plaintiffs, as well as Tyler Wise Johnson, II, Harriet Ann Burk, and defendant H.M. Johnson.[1] Id. at 8, 10. Upon M.O. Johnson's death in 2018, Trust B should have been wound up and its assets distributed to the beneficiaries, but plaintiffs allege H.M. Johnson and M.O. Johnson had previously misappropriated Trust B's assets and H.M. Johnson represented to plaintiffs that Trust B terminated without any assets available for distribution. Id. at 11. Plaintiffs allege defendant H.M. Johnson and M.O. Johnson breached their fiduciary duties as Trustees by misappropriating trust assets for their own use, generally depriving the beneficiaries of their rights. Id. at 13. Plaintiffs' claims are based on the Trustees' alleged violations of their duties to beneficiaries.

In 2019, the four voluntary plaintiffs filed a complaint in federal court that alleged claims that are "substantially the same . . . , or derivative of" the claims asserted in the present case. Dkt. # 25, at 2 (citing First Amended Complaint, Burgess v. Johnson (Burgess II), No. 19-CV-00232-GKF-JFJ, 2021 WL 3418426 (N.D. Okla. Aug. 5, 2021), Dkt. # 68). The involuntary plaintiffs in the current

---

[1] Tyler Wise Johnson, II and Harriet Ann Burk disclaimed their respective interests in the Trust; therefore, the current total number of beneficiaries is eight (8). Dkt. # 10, at 10 ¶ 45.

case were not named parties in the 2019 action. In that predecessor action, Judge Frizzell held that, under Rule 19 of the Federal Rules of Civil Procedure, the non-plaintiff beneficiaries were required to be joined because the action "will likely affect the trust" and "without the absentee beneficiaries, the court cannot afford complete relief." Burgess v. Johnson (Burgess I), No. 19-CV-00232-GKF-JFJ, 2021 WL 2301930, at *4 (N.D. Okla. June 4, 2021). However, joinder was not feasible in that case because it would have stripped the court of subject matter jurisdiction.[2] See Burgess II, 2021 WL 3418426, at *6 (explaining that it is appropriate that Constance Ray Johnson (C.R. Johnson) be added as an involuntary plaintiff or aligned by the court as a plaintiff, but that would "destroy[] complete diversity"). The court then determined that the case could not proceed in equity and good conscience among the existing parties, and dismissed the case without prejudice under Rule 19(b). Burgess II, 2021 WL 3418426, at *6-7. The decision to dismiss was substantially based on the finding that Oklahoma state court provided an adequate alternative forum for resolution of the claims wherein all parties could be joined. See id. at *7 (stating "the absence of an alternative forum should 'weigh heavily, if not conclusively against dismissal,'" (quoting Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr., 94 F.3d 1407, 1413 (10th Cir. 1996)), but "an adequate alternative forum exists in Oklahoma state court" so that factor "weighs in favor of dismissal").

Plaintiffs then commenced the current action in Oklahoma state court. Dkt. # 1-1. Plaintiffs' state court petition names the three remaining non-party beneficiaries as involuntary plaintiffs, as required by the court opinion and order that dismissed the previous action. Dkt. #1-1. Defendants promptly removed the action to this Court. Dkt. # 1. Plaintiffs subsequently executed service of

---

[2] The federal court in the predecessor action had subject matter jurisdiction based on diversity of citizenship. This Court had subject matter jurisdiction based on a federal question until plaintiffs dismissed the RICO claims.

4

process on involuntary plaintiff Constance Ray Johnson (C.R. Johnson). Dkt. # 42. Involuntary plaintiffs Junko Adamo and Mark Everett Bradford Johnson have yet to be served process, and plaintiffs' motions for service by publication (Dkt. # 23) and for service by alternative methods of service (Dkt. # 39), respectively, remain pending before the Court. The Court ordered briefing on defendant's partial motion to dismiss (Dkt. # 17) to determine whether it has subject matter jurisdiction. Dkt. # 47. Plaintiffs then dismissed the federal question claims which provided original jurisdiction, so, before proceeding on the merits, the Court must decide whether it still has subject matter jurisdiction.

**II.**

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). "The Court resolves doubtful cases in favor of remand." McDonald v. CSAA Ins. Exch., 2017 WL 887108, at *2 (W.D. Okla. Mar. 6, 2017) (citing Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)).

A defendant may remove a case to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over all civil actions "arising under the Constitution, treaties, or laws of the United States." Defendants removed this case on federal question jurisdiction under 28 U.S.C. § 1331, based on the federal RICO claims, and assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for all remaining state law claims. Dkt. # 1, at 2-3. As plaintiffs voluntarily dismissed the federal RICO claims, only the state law claims remain.

Defendants ask the Court to exercise supplemental jurisdiction over the remaining state law claims as they "do not involve any unusually complex issues of state law, and the unique circumstances present in this case outweigh any issues of comity." Dkt. # 50, at 6. The Court disagrees with defendants' balancing. A district court may decline to exercise supplemental jurisdiction if the claims which formed the basis for original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). "Depending on a host of factors . . . including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

The issues in this case concern the administration of a trust established in and under the laws of the State of Oklahoma. Dkt. # 1-1, at 6. These are classic probate matters. There are no unique

circumstances warranting this Court to retain supplemental jurisdiction, particularly when the federal question basis for original subject matter jurisdiction has been terminated. Therefore, the Court finds the scales weigh heavily in favor of comity and against exercising supplemental jurisdiction over the state law claims.

In addition, the Court considers whether it has an alternative basis for original subject matter jurisdiction now that § 1331 is no longer applicable. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (emphasis in original).

Involuntary plaintiff C.R. Johnson and defendant H.M. Johnson are both citizens of Colorado.[3] Dkt. # 1-1, at 4, 6. Therefore, this case lacks complete diversity and the Court became divested of subject matter jurisdiction when the federal question claims were dismissed. However, defendants argue that C.R. Johnson was improperly joined to this action and should be dismissed. Dkt. # 17, at 25; Dkt. # 50, at 8. If involuntary plaintiff C.R. Johnson was improperly joined to this action, then she may be dismissed as a party and there would be complete diversity between plaintiffs and defendants. Therefore, the Court addresses C.R. Johnson's party status.

---

[3] Citizenship of these parties was determined in the prior action, Burgess II, 2021 WL 3418426, and are not contested by either plaintiffs or defendants.

**III.**

At the time this case was removed, involuntary plaintiffs had not yet been served process; therefore, joinder in this case is governed by Rule 19 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Rule 19 requires a party who is subject to service of process and whose presence will not deprive the court of subject matter jurisdiction to be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). In the predecessor case, the court held that the nonparty beneficiaries were required to be joined under Rule 19(a). See Burgess I, 2021 WL 2301930 at 3; Burgess II, 2021 WL 3418426 at 4. As the allegations and relief sought in this case are consistent with those in the predecessor case, this Court also holds the involuntary plaintiff beneficiaries are required to be joined under Rule 19 for the same reasons articulated by the earlier court.

"As a general rule, all beneficiaries are persons needed for just adjudication of an action to remove trustees and require an accounting or restoration of trust assets." Tick v. Cohen, 787 F.2d 1490, 1494 (11th Cir. 1986) (quoting Walsh v. Centeio, 692 F.2d 1239, 1243 (9th Cir. 1982)). Among other relief, plaintiffs seek an accounting of the Trust and the subsidiary Trusts, A and B, removal of defendant H.M. Johnson as trustee, restoration of trust property, and other potential

8

remedies of a breach of trust under OKLA. STAT. tit. 60, § 175.57.  Dkt. # 1-1, at 25-26.  This is the same relief sought by plaintiffs in the predecessor case, which was the foundation of the court's finding that absentee beneficiaries were required parties under Rule 19.  See Burgess I, 2021 WL 2301930 at 3; Burgess II, 2021 WL 3418426 at 4.  "[T]he absentee beneficiaries have an interest in the litigation and disposing of the action in their absence may, as a practical matter, impede their abilities to protect that interest."  Burgess I, 2021 WL 2301930, at *3.  Therefore, complete relief still cannot be afforded without them.

Following the direction in the earlier court's dismissal, plaintiffs named their fellow beneficiaries as involuntary plaintiffs in the state court action.  After removal, C.R. Johnson was joined as a party when service of process was executed on August 12, 2022.  Dkt. # 42, at 5.

Defendants argue that plaintiffs are not permitted "in the first instance, [to] unilaterally name[] another person as a party and align[] that person as a plaintiff."  Dkt. # 17, at 23.  Framing plaintiffs' state court petition, which names involuntary plaintiff Constance Ray Johnson, as being "in the first instance" mischaracterizes the reality of this case.  As discussed, the underlying facts in this case are identical to those that formed plaintiffs' earlier complaint in federal court.  Defendants expressly do not oppose plaintiffs' pending motion to reassign the case to Judge Frizzell, which characterizes the current case as a "successor suit" to the earlier case, in which plaintiffs' claims "were substantially the same claims, or derivative of the same claims" that plaintiffs assert in this case.  Dkt. # 25, at ¶¶ 2,3.  Therefore, it was proper for plaintiffs to file the "successor" action in state court in the manner prescribed by the earlier court.

In addition to holding C.R. Johnson to be a required party, Burgess II, 2021 WL 3418426, at *4 (stating "the absentee beneficiaries [including Constance Ray Johnson] are necessary parties

to this matter"), Judge Frizzell's previous opinion and order also held that C. R. Johnson should be joined as an involuntary plaintiff, but that joinder was not feasible at the time because it would destroy complete diversity. Id. at *6 ("It is appropriate to align Constance Ray Johnson as a plaintiff. Whether Constance Ray Johnson is added as an involuntary plaintiff or aligned by the court as a plaintiff, her joinder destroys complete diversity.").

Judge Frizzell properly dismissed that action without prejudice under Fed. R. Civ. P. 19(b), in large part because complete relief could be afforded to the parties in state court. Id. at 7-8 (stating that "an alternative forum exists in Oklahoma state court" and the action could not "'in equity and good conscience' proceed without . . . Constance Ray Johnson, and therefore the action 'should be dismissed'"). Following the direction of this earlier opinion and order, plaintiffs filed the petition commencing this action in state court, naming the nonparty beneficiaries as involuntary plaintiffs, thereby rectifying the earlier deficiencies. In short, plaintiffs had a court order that stated C. R. Johnson was required to be joined as an involuntary plaintiff and sought to execute that mandate when they filed in state court.

Defendants also argue it was improper to join C.R. Johnson as an involuntary plaintiff rather than a defendant, and so she should be dismissed. Dkt # 17, at 24; Dkt. # 50, at 7. "Generally, if a party refuses to join as a plaintiff, the proper procedure is to serve the complaint on that party as a defendant and then seek realignment." Burgess II, 2021 WL 3418426, at *5 (quoting Elborough v. Evansville Cmty. Sch. Dist., 636 F. Supp. 2d 812, 826 (W.D. Wis. 2009)); see also Eikel v. States Marine Lines, Inc., 473 F.2d 959 (5th Cir. 1973). This is because "the involuntary-plaintiff procedure allows a person to be made a party to the action without service of process and permits the court to enter a judgment that has preclusive effect as to the involuntary plaintiff." 7 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1606 (3d ed. Apr. 2022 update). However, when a party is subject to the court's jurisdiction, they are served with process and made a defendant and may then be realigned by the court. Id. at § 1605. Defendants concede that C.R. Johnson was subject to service because RICO permits nationwide service of process and those claims were pending at the time of service. See Dkt. # 50, at 4 (arguing that plaintiffs "leverag[ed] the nationwide service of process afforded by RICO to obtain personal jurisdiction over the Involuntary Plaintiffs").

The Court finds that given the unique procedural history of this case, serving C.R. Johnson as an involuntary plaintiff rather than a defendant was proper based on the earlier court decision that held "it is appropriate to align Constance Ray Johnson as a plaintiff." Burgess II, 2021 WL 3418426 at *6. Therefore, serving C.R. Johnson with process and joining her as an involuntary plaintiff (rather than as a defendant and then seek realignment by the Court) was proper.

Further, regardless of the label used when plaintiffs joined C.R. Johnson, party alignment is ultimately a question for the Court. In City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63 (1941), the Court stated:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit, and the primary and controlling matter in dispute.

Id. at 69 (internal citations omitted). For the same reasons stated in the earlier court opinions, this Court finds that an actual and substantial conflict exists between C.R. Johnson and H.M. Johnson as to the issue of the administration of Trust B, such that C.R. Johnson must be aligned as a plaintiff

against defendant H.M. Johnson. C.R. Johnson is a beneficiary of Trust B and entitled to an equal share of income and principal. Dkt. # 1-1 at 10. Plaintiffs allege defendants made no distributions, and, instead, depleted trust assets to the detriment of, and in violation of a breach of fiduciary duty to, trust beneficiaries, including C.R. Johnson. See generally id. Ipso facto, C.R. Johnson and H.M. Johnson have an actual and substantial conflict as to the contribution and distribution of the res of Trust B. Therefore, whether C.R. Johnson should have been joined as a defendant and then realigned is irrelevant here, where C.R. Johnson was served process and the Court finds she is properly aligned as an involuntary plaintiff.

Finally, due to the procedural history of this case, dismissing C.R. Johnson as a party would not serve the interests of justice. That path would simply waste judicial resources by requiring C.R. Johnson to be re-served as a defendant and then be realigned as a plaintiff, that latter of which this Court has done herein. Instead, remanding the action in its current state with C.R. Johnson joined as an involuntary plaintiff is proper and consistent with the purpose of Rule 19.

> The standards set out in Rule 19(a) should be applied in a way that will effectuate the policy of avoiding circuity of actions. Once it has been decided that a person whose joinder is feasible should be brought into the action, the claimant should be given a reasonable opportunity to add that person. If plaintiff fails to do so, the court should order joinder itself.

7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1604 (3d ed. Apr. 2022 update). It has been clearly established that C.R. Johnson is a required party and properly aligned as an involuntary plaintiff. Joinder was not feasible in the earlier action, so plaintiffs filed a new action in the appropriate state court forum in a matter in which C.R. Johnson and the other beneficiaries could be joined, just as the court instructed. Claimants added C.R. Johnson and there is no good reason to restart the process again.

Whether C.R. Johnson was joined as an involuntary plaintiff or joined as a defendant and then realigned by this Court is of no consequence because the result is the same: C.R. Johnson is a required party; she was served process; and she is properly aligned as an involuntary plaintiff against defendants, including H.M. Johnson.  C.R. Johnson and H.M. Johnson are both citizens of Colorado. Therefore, there is no complete diversity and this Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the Court lacks subject matter jurisdiction over this case, and it must be remanded.  The Court Clerk is directed to **remand** this case, including the pending motion to partially dismiss (Dkt. # 17), motion for service by publication (Dkt. # 23), and motion to serve alias summons (Dkt. # 39) to Creek County District Court.

**IT IS FURTHER ORDERED** that plaintiffs' unopposed motion to reassign judge (Dkt. # 25) is hereby **moot**.

**DATED** this 11th day of October, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE